**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Virginia A. Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Plaintiff

E-filing

FILED
2012 MAR -9 P 2:56

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 12 1203 MEJ

ANDREW HUMBLE, an individual, individually and on behalf of a class of similarly situated persons,

Plaintiff,

vs.

WISE MEDIA, LLC, a Georgia Limited Liability Company, and DOES 1-10, inclusive,

Defendants.

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Andrew Humble, individually and on behalf of a class of similarly situated persons, brings this action, by and through his undersigned counsel, and alleges as follows:

## INTRODUCTION

1. This action concerns a scheme by Defendant Wise Media, LLC ("Wise Media" or "Defendant") to enroll consumers—without their knowledge or consent—in a short message service ("SMS") text subscription plan with a monthly membership fee of $9.99.

2. According to Defendant, consumers voluntarily subscribe to receive three SMS texts per week, delivered to their cellular phones, which texts provide "flirting tips" (the "Subscription Plan").

3. The truth is, few or no consumers voluntarily subscribed to any such service. Instead, Defendant sent unsolicited texts to consumers who had no prior relationship with Defendant.

4. If a consumer failed to respond to Defendant's text in a manner of minutes, Defendant enrolled the consumer in the Subscription Plan without the consumer's authorization, and charged the consumer $9.99 per month until he or she noticed the charge and cancelled the service.

5. As a result of Defendant's deceptive practices, including its use of consumers' cell phone numbers to send unsolicited text messages and to involuntarily enroll consumers in the Subscription Plan, Plaintiff and numerous other consumers similar to Plaintiff were wrongfully charged subscription fees.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §1331 for Plaintiff's claim under the Telephone Consumer Protection Act, 47 U.S.C. §227. This Court has subject matter jurisdiction under 28 U.S.C. §1367 for Plaintiff's remaining claims because they are so related to Plaintiff's federal claim that they form part of the same case or controversy under Article III of the U.S. Constitution.

7. This Court also has subject matter jurisdiction over this matter under 28 U.S.C. §1332(d)(2) because this is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a State different from Defendant.

8. This Court has personal jurisdiction over Wise Media because a substantial part of Defendant's misconduct that gave rise to this action occurred in California, including because Plaintiff resides in California and was harmed in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. To wit, Plaintiff resides in this district and was harmed in this district, and on information and belief, numerous other Class members reside in this district.

## INTRADISTRICT ASSIGNMENT

10. Pursuant to Local Civil Rule 3-2(c), this action should be assigned to the San Francisco Courthouse because a substantial part of the events or omissions that gave rise to the claims occurred in San Mateo County, California.

## PARTIES

11. Plaintiff Andrew Humble is an individual residing in Millbrae, California.

12. Defendant Wise Media, LLC is a Georgia limited liability company based in Grayson, Georgia. On information and belief, Defendant conducts business using the fictitious business name lovegenietips.com.

13. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive (the "Doe Defendants") and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of Does 1 through 10, inclusive, when ascertained. Plaintiff is informed and believes, and, on that basis, alleges that each Defendant sued herein by a fictitious name is in some way liable and responsible to Plaintiff based on the facts herein alleged.

## FACTUAL ALLEGATIONS

14. On information and belief, Defendant owns and operates the Internet website located at <www.lovegenietips.com> (the "Website"). The Website offers consumers the opportunity to enroll in a subscription SMS text plan[1], whereby consumers receive three flirting tips per week for $9.99 per month.

15. The Website's home page displays this offer and provides a method through which consumers can enroll in the Subscription Plan.

16. Consumers who visit the Website, and who are interested in paying for recurring flirting tips, voluntarily enter their personal information (including their mobile phone number) so that they can receive Defendant's flirting tips for $9.99 per month, billed to their mobile phone account.

17. However, the vast majority—if not all—of the Subscription Plan members did not become members voluntarily.

18. Through unknown means, Wise Media obtained the mobile phone numbers of consumers without their knowledge or consent. Defendant obtained these numbers even though consumers had never visited the Website, had never expressed interest in Defendant or the Subscription Plan, and had no relationship with Defendant.

19. Without any action or solicitation by the consumers, Defendant sent SMS texts to the mobile phone numbers that it had acquired.

20. On information and belief, Defendant sent these SMS texts using equipment that had the capacity to store or produce telephone numbers to be called, using a random sequential number generator.

21. These texts stated:

> Lovegenietips Flirting Tips; 3msg/week for $9.99/m T&Cs: lovegenietips.com Msg&data rates may apply. Reply HELP for help, STOP to cancel. PIN 5WY6 (the "Initial Text")

//

---

[1] An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.

Case No.    3    CLASS ACTION COMPLAINT

22. Most consumers who received the Initial Text from Defendant did not recognize the sender, and thus chose to disregard the message.

23. Defendant sent the Initial Texts knowing that the vast majority—if not all consumers—would not recognize the sender and would disregard the message, resulting in their enrollment in the Subscription Plan.

24. Specifically, if a consumer did not respond to Defendant's Initial Text in a manner of minutes, Defendant enrolled the consumer in the Subscription Plan and sent the consumer the following text:

> Lovegenietips: You joined $9.99/m for 3msg/wk bill to cell. Reply HELP for help, STOP to cancel. Msg&Data rates may apply. T&Cs: lovegenietips.com

25. Thus, Defendant sent the Initial Texts as part of an overt effort to dupe consumers into involuntarily enrolling in the Subscription Plan.

26. Once enrolled, Defendant billed the consumer $9.99 per month for the Subscription Plan until the consumer cancelled the service.

27. Defendant's conduct is particularly egregious because not only did Defendant involuntarily enroll consumers in a fee-based service, Defendant also failed to provide the services it claimed that it was charging consumers for—*i.e.* the consumers never received the weekly flirting tips.

### Plaintiff Humble

28. On or about January 6, 2012, Plaintiff Humble received an SMS text message from a five-digit number, 836-60. The text of the message read: "Lovegenietips Flirting Tips; 3msg/week for $9.99/m T&Cs: lovegenietips.com Msg&data rates may apply. Reply HELP for help, STOP to cancel. PIN 5WY6."

29. Because Humble did not recognize the five-digit sender number, Lovegenietips Flirting Tips, or lovegenietips.com, he took no action in response to the SMS text.

30. Two minutes later, Humble received a second SMS text message from the same five-digit number 836-60. The text of the message read: "Lovegenietips: You

Case No. 4 **CLASS ACTION COMPLAINT**

joined $9.99/m for 3msg/wk bill to cell. Reply HELP for help, STOP to cancel. Msg&Data rates may apply. T&Cs: lovegenietips.com."

31. As before, because Humble did not recognize the five-digit sender number, Lovegenietips Flirting Tips, or lovegenietips.com, he took no action in response to the second SMS text.

32. Humble had no intention of enrolling in the Subscription Plan. In support of this lack of any intention to enroll in the Subscription Plan, Humble relied on the fact that he did not have a relationship with Defendant, had not solicited any goods or services from Defendant, and had not responded to any of Defendant's texts.

33. On or about February 6, 2012, Humble received a third SMS text message from the same five-digit number 836-60. The text of the message read: "LoveGenieTips: Subsc renewed 1mo. 3msg/week for $9.99/mo billed to cell. Msg&Data rates may apply. Reply Help for help. Reply Stop to cancel. 888.725.5643."

34. At this point, Humble became suspicious and decided to check his bank accounts and cell phone bill for unauthorized charges. Humble's AT&T cell phone bill for the period dating from December 26, 2011 through January 25, 2012 was thirteen (13) pages long. At the very end of the bill, on the thirteenth page, Humble noticed a Monthly Subscription charge under the Mobile Purchases & Downloads Charges section dated January 6, 2012 for LoveGenieTips Alerts in the amount of $9.99. Under the category of Content Provider, the bill provided the information "Wise Media For assistance contact: http://www.goldpocket.com."

35. Humble never authorized this charge for LoveGenieTips Alerts, which was charged to his cell phone bill the same day and presumably minutes after he received the first SMS text message from 836-60.

36. As a result of Defendant's misconduct, Humble has been harmed.

**CLASS ACTION ALLEGATIONS**

37. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on his own behalf and as a representative of all persons who: a) received unsolicited

1  SMS text messages from or on behalf of Defendant, and b) who were charged for
2  Defendant's Subscription Plan on their cell phone bills (the "Class").

3  38.  Pursuant to Federal Rule of Civil Procedure 23, Plaintiff also brings this action on his own behalf and as a representative of all persons who: a) received unsolicited SMS text messages from or on behalf of Defendant, b) who were charged for Defendant's Subscription Plan on their cell phone bills, and c) who resided in California during some or all of their enrollment in the Subscription Plan (the "California Subclass").

39.  A class action is appropriate here because there exists an ascertainable class and a well-defined community of interest in the questions of law and fact involved.

40.  The Class and California Subclass are readily ascertainable from Defendant's records.

41.  A class action is the superior method for adjudicating this controversy because: a) the Class and California Subclass are so numerous that the joinder of all members is impracticable, b) questions of law and fact common to the Class and California Subclass predominate over any question affecting only individual Class members, and c) the claims of the representative Plaintiff are typical of the claims of the Class and California Subclass, and the representative Plaintiff will fairly and adequately protect the interests of the Class and California Subclass.

42.  The common questions of law and fact include:

- Whether Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 by sending commercial text messages to Humble and the other Class members without their express consent;
- Whether Defendant violated the equitable doctrine of Money Had and Received by enrolling Plaintiff and the other Class members in the Subscription Plan without their knowledge or authorization and then charging them $9.99 per month for the enrollment;
- Whether Defendant engaged in an unfair, unlawful, or fraudulent business practice in violation of California Business and Professions



KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

|   |   |
|---|---|
| 1 | Code section 17200, by enrolling Plaintiff and the California |
| 2 | Subclass members in the Subscription Plan without their knowledge |
| 3 | or authorization; |
| 4 | • Whether Defendant converted the money of Plaintiff and the other |
| 5 | California Subclass members by enrolling them in the Subscription |
| 6 | Plan without their knowledge or authorization and then charging |
| 7 | them $9.99 per month for the enrollment. |

43. Plaintiff can and will fairly and adequately represent and protect the interests of the Class and California Subclass because:

- All of the questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist, such that by prevailing on his own claim, Plaintiff will necessarily establish the liability of Defendants as to all Class members;

- Without the representation provided by Plaintiff, it is unlikely that any Class members would receive legal representation and/or obtain recourse for the misconduct carried out by Defendants; and

- Plaintiff has retained competent attorneys who are experienced both in the conduct of class actions and the law governing online advertising, negative options and e-commerce, and online payment systems. Plaintiff and his counsel have the necessary resources to litigate this class action, and Plaintiff and his counsel are aware of their fiduciary responsibility to the Class members and are determined to discharge those duties to obtain the best possible recovery for the Class and the California Subclass.

//
//
//



## FIRST CLAIM FOR RELIEF

**(Violation of Telephone Consumer Protection Act, 47 U.S.C. §227 on behalf of Plaintiff and the Class)**

44. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

45. Defendant sent SMS texts to Plaintiff and the other members of the Class.

46. On information and belief, Defendant sent SMS texts to Plaintiff and the other members of the Class using equipment that had the capacity to store or to produce telephone numbers to be called, using a random sequential number generator.

47. The text messages sent by Defendant to Plaintiff and the other members of the Class were calls within the meaning of the Telephone Consumer Protection Act.

48. Neither Plaintiff nor any other member of the Class provided Defendant with prior express consent to receive the text messages.

49. Defendant's sending of texts to Plaintiff and the other Class members violated 47 U.S.C. §227(b)(1)(A).

50. As a result of Defendant's unlawful conduct, Plaintiff and the other Class members were harmed.

## SECOND CLAIM FOR RELIEF

**(Money Had and Received on behalf of Plaintiff and the Class)**

51. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

52. Defendant involuntarily enrolled Plaintiff and the other Class members in the Subscription Plan.

53. Once enrolled, Defendant charged Plaintiff and the other Class members $9.99 per month until they cancelled the Subscription Plan.

54. Neither Plaintiff nor any other Class member authorized their enrollment in the Subscription Plan or the $9.99 per month charge for the Subscription Plan.

//

55. Thus, Defendant received money under circumstances that in equity and good conscience it should not be able to retain, because the fees obtained by Defendant for enrollment in the Subscription Plan belong to Plaintiff and the other Class members.

56. As a result of Defendant's misconduct, Plaintiff and the other Class members have been harmed and are entitled to relief.

### THIRD CLAIM FOR RELIEF

**(Violation of California Business & Professions Code section 17200 on behalf of Plaintiff and the California Subclass)**

57. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

58. Defendant sent unsolicited texts to Plaintiff and the other California Subclass members.

59. When Plaintiff and the other California Subclass members did not respond to Defendant's texts, Defendant involuntarily enrolled them in the Subscription Plan.

60. Once enrolled, Defendant charged Plaintiff and the other California Subclass members $9.99 per month until they cancelled the Subscription Plan.

61. Because Plaintiff did not recognize the five-digit sender number, Lovegenietips Flirting Tips, or lovegenietips.com, he took no action in response to Defendant's text.

62. Plaintiff relied on the fact that because he had no relationship with Defendant and had not solicited any good or service from Defendant, that by disregarding Defendant's texts, he would not incur any charges.

63. Defendant's above-described misconduct is a fraudulent business practice, as that term is used in Business and Professions Code section 17200, because a reasonable person would have been deceived by the representations and material omissions in Defendant's Initial Text, and would have been wrongfully charged as a result of Defendant's involuntary enrollment of consumers in the Subscription Plan.

//

Case No.　　　　　　　　　　　9　　　　　　　　CLASS ACTION COMPLAINT



64. Defendant's above-described misconduct is an unfair business practice, as that term is used in Business and Professions Code section 17200, because Defendant's conduct offends established public policies and is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.

65. Defendant's above-described misconduct is an unlawful business practice, as that term is used in Business and Professions Code section 17200, because Defendant's conduct violates 47 U.S.C. §227, Business and Professions Code section 17602, 47 C.F.R. §64.3100, and Public Utilities Code section 2890.

66. Defendant's misconduct is an unlawful business practice in violation of 47 U.S.C. §227 because Defendant sent SMS texts to Plaintiff and the other members of the California Subclass, without their express consent, using equipment that had the capacity to store or to produce telephone numbers to be called, using a random sequential number generator.

67. Defendant's misconduct is an unlawful business practice in violation of Business and Professions Code section 17602 because Defendant made an automatic renewal and/or continuous service offer to Plaintiff and the other members of the California Subclass and: a) failed to present the terms of the offer in clear and conspicuous manner before the Subscription Plan agreement was fulfilled, b) charged the accounts of Plaintiff and the other California Subclass members without first obtaining their affirmative consent, and c) failed to provide an acknowledgement of the purchase of the Subscription Plan with the terms, cancellation policy, and information regarding how to cancel in a manner that was capable of being retained by a consumer.

68. Defendant's misconduct is an unlawful business practice in violation of 47 C.F.R. §64.3100 because Defendant initiated mobile service commercial messages without qualifying for any of the exceptions outlined in the regulation.

69. Defendant's misconduct is an unlawful business practice in violation of Public Utilities Code section 2890 because Defendant caused the cellular telephone bills for Plaintiff and the other California Subclass members to contain charges for products

Case3:12-cv-01203-MEJ Document1 Filed03/09/12 Page12 of 14

and services other than what Plaintiff and the other California Subclass members had authorized.

70. By carrying out the above-described misconduct, Defendant engaged in an unlawful, unfair, and fraudulent business practice in violation of California Business and Professions Code section 17200.

71. As a result of Defendants' misconduct, Plaintiff and the other California Subclass members were harmed.

## FOURTH CLAIM FOR RELIEF

**(Conversion on behalf of Plaintiff and the California Subclass)**

72. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

73. Plaintiff and the other members of the California Subclass owned the $9.99 per month that was charged to them by Defendant during the duration of their involuntary enrollment in the Subscription Plan.

74. Defendant disposed of the money of Plaintiff and the other California Subclass members in a manner that was inconsistent with their rights in this money.

75. The money wrongfully taken by Defendant from Plaintiff and the other members of the California Subclass comprises a specific, identifiable sum.

76. Defendant engaged in this misconduct with oppression, fraud, and malice.

77. As a result of Defendant's misconduct, Plaintiff and the other members of the California Subclass have suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request judgment as follows:

1. That the Court enter a judgment finding that Defendant has:
    a. Violated the Telephone Consumer Protection Act, 47 U.S.C. §227;
    b. Violated the equitable doctrine of Money Had and Received;
    c. Violated California Business and Professions Code section 17200;
    d. Committed Conversion;



Case No. 11 CLASS ACTION COMPLAINT

2. That the Court award damages and monetary relief as follows:

   a. The greater of Plaintiff's and the other Class members' actual monetary loss or $500 for each violation of the Telephone Consumer Protection Act;

   b. Damages in an amount to be determined at trial in the form of restitution of the money wrongfully charged to Plaintiff and the other Class members under the equitable doctrine of Money Had and Received and California Business and Professions Code section 17200;

   c. Compensatory damages in an amount to be determined at trial for Defendant's conversion;

   d. Exemplary damages pursuant to California Civil Code §3294;

   e. Treble damages under the Telephone Consumer Protection Act;

   f. Plaintiff's costs;

3. Such other relief that the Court determines is just and proper.

Respectfully Submitted,

DATED: March 9, 2012

**KRONENBERGER ROSENFELD, LLP**

By: /s/ Jeffrey M. Rosenfeld

Attorneys for Plaintiff

**REQUEST FOR JURY TRIAL**

Plaintiff hereby demands a trial of this action by jury.

DATED: March 9, 2012              **KRONENBERGER ROSENFELD, LLP**

By: _____
Jeffrey M. Rosenfeld

Attorneys for Plaintiff

Case No.                                    13                              **CLASS ACTION COMPLAINT**